IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MOSES CARTER, JR.,                      *

      Plaintiff,                            *

          v.                              *           1:09-CV-813-ID
                                                              (WO)
CITY POLICE FOR DOTHAN, *et al.*,       *

      Defendants.                           *

_____


## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate incarcerated at the Houston  County Jail located in Dothan,

Alabama. He filed this 42 U.S.C. § 1983 action on August 27, 2009.  He complains  that

officers with the Dothan Police Department conducted an illegal search of his car. During

the search the police confiscated Plaintiff's nitroglycerine believing it to be cocaine.  Plaintiff

asserts that testing subsequently revealed that the substance taken from him was

nitroglycerine but goes on to state that his case was upgraded from a misdemeanor possession

charge to a felony charge.  Finally, Plaintiff complains that he was hospitalized with chest

pain and breathing difficulties as a result of the seizure of his nitroglycerine. Plaintiff names

as defendants the Dothan Police Department, the Houston County Sheriff's Department,

Judge Rose Gordon, and the Dothan Chief of Police.[1]  He seeks damages for pain and

_____

[1]The court notes that Plaintiff seeks to name "Narcotics Officers with Dothan City PD" as a
defendant. Plaintiff is advised, however, that the Federal Rules of Civil Procedure do not provide for

suffering as a result of "almost los[ing] [his] life 2 times" due to the confiscation of his

medication by law enforcement officials.  Upon review of the complaint, the court concludes

that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28

U.S.C. § 1915(e)(2)(B).[2]

## I. DISCUSSION

*A.  The Dothan Police Department and the Houston County Sheriff's Department*

The Dothan Police Department and the Houston County Sheriff's Department are not

legal entities and, therefore, they are  not subject to suit or liability under § 1983.  *See Dean*

*v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).   In light of the foregoing, the court

concludes that Plaintiff's claims against these defendants should be dismissed as frivolous.

*Id.*  28 U.S.C. § 1915(e)(2)(B)(i).

*B. Judge Rose Gordon*

To the extent Plaintiff's seeks to challenge actions taken by Judge Gordon in her

judicial capacity during state court proceedings over which she had jurisdiction, such claims

are due to be dismissed.  The law is well established that a state judge is absolutely immune

---

fictitious party practice as it is incompatible with federal procedure.  *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties . . ."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties).

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

from civil liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, any claims for monetary damages against Judge Gordon are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319,  327 (1989).

*C.  Dothan Chief of Police*

To the extent Plaintiff names the Dothan Chief of Police as a defendant based on his supervisory position, the law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691-95  (1978)  (doctrine of *respondeat superior* is inapplicable to § 1983 actions);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also  Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually

3

have participated in the constitutional wrongdoing.").  Moreover, other than naming the Dothan Chief of Police in the caption of his complaint, Plaintiff makes no specific allegations against him nor does he indicate that this individual was personally involved in the constitutional violations about which he complains.  *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)* (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).  Accordingly, the court finds that Plaintiff's complaint against Defendant Dothan Chief of Police is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) on this basis as well.

*D.  Plaintiff's Confinement*

To the extent Plaintiff seeks to challenge his current detention and/or a conviction, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy.  Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).  Further, § 1983 may not be used to challenge the fact of a plaintiff's state court criminal conviction and/or sentence. Rather, the proper vehicle for mounting such a challenge would be the filing of a petition under 28 U.S.C. § 2254.

In filing this action, Plaintiff appears to challenge matters related to the validity and

4

the legality of his current confinement.  When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention or for a petition pursuant to § 2254 to attack a state court conviction, a prisoner fails to state a claim under § 1983.  *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500.  A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983 action.[3]  *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373(S.D. Fla. 2000).

In light of the foregoing, the court concludes that Plaintiff's complaint, to the extent it seeks to challenge the legality of his current detention,  is due to be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants Dothan Police Department, Houston County Sheriff's Department, and Judge Rose Gordon be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

---

[3]Compensatory and punitive damages are available in a 42 U.S.C. § 1983 action but not by way of a writ of habeas corpus or a § 2254 petition.  To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

2. Plaintiff's § 1983 claims against Defendant Dothan Chief of Police be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's challenge to the constitutionality of his current detention be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not properly before the court at this time; and

4. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 15, 2009**.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of September, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE